IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Case No. BK25-80538 |
| | ) | |
| MICHAEL WATSON | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

### Order on Motion to Alter or Amend

This matter is before the court on the motion[1] to alter or amend an order avoiding judicial liens against the debtor's home. Patrick Turner appeared for the debtor Michael Watson. David Skalka and Scott Jochim appeared for the movant David Hospodka. The liens were avoided based on the debtor's assertion he owns 50% of the home. Hospodka asserts error in "concluding Hospodka's judgment lien did not attach to the entirety of the real estate". No such finding was made. To avoid any doubt, the motion is granted to the extent the underlying opinion could be so read or could be read as avoiding Hospodka's lien on an undisclosed interest of the debtor in the real estate.

### Findings of Fact

Iterating the facts of the underlying opinion, the debtor purchased a house in November 2013.[2] The debtor subsequently married. His wife was not added to the title of the home. Two years after the marriage, in November 2015, the debtor obtained a $163,614 FHA loan which became secured by the property.[3] The debtor's wife signed the deed of trust, encumbering her marital interest. Since at least 2015, the mortgage loan was paid down to a principal balance

---

[1] Doc. #113.

[2] The value of the home at the time of purchase is not known, but there is evidence of the amount the debtor paid. The deed states a documentary stamp tax of $371.25. Doc. #48. Under Nebraska law then in effect, the tax was imposed "at the rate of two dollars and twenty-five cents for each one thousand dollars value." This equates to a sale price of $165,000 ($371.25 * $1,000 / $2.25 = $165,000).

[3] It is not certain, but this appears to be a refinance as the FHA loan is approximately the amount the debtor paid. For what it's worth, under the guidelines set by the Department of Housing and Urban Development, loan to value ratios for FHA loans can be as high as 96.5%.

of $132,224.82.[4] In May 2024, the debtor's wife filed for divorce. The state court has not entered a final order determining the debtor's or his wife's respective marital interests in the home, but in an interim order the state court found the property "qualifies as marital property subject to equitable division."[5]

The debtor filed his Chapter 7 case in the summer of 2025. In his schedules, he represents he owns a one-half interest in the home.[6] Likewise, in his motion to avoid lien, the debtor affirmatively asserts, "Debtor has a fifty percent (50%) interest in the personal residence…. His spouse … has the remaining fifty percent (50%) interest in the Property". In his deposition, when asked if he owned the property, the debtor referenced his wife, and responded, "We do." He also testified he believed the home to be titled in both their names.[7]

The order Hospodka seeks to alter or amend avoided Hospodka's lien under 11 U.S.C. § 522(f)(1)(A), as impairing the debtor's homestead exemption. The impairment formula is in *David G. Waltrip, LLC v. Sawyers (In re Sawyers)*, 2 F.4th 1133 (8th Cir. 2021). Hospodka's judgment is against the debtor, but not the wife, and totals $346,185.49. The parties stipulated the home's total value is $312,000. Applying the formula to a 50% interest:

| | |
|---|---|
| Hospodka's Lien | $ 346,185.49 |
| PLUS junior lien | $     9,040.14 |
| PLUS mortgage lien | $ 135,220.51 |
| PLUS homestead exemption | $ 120,000.00 |
| Total | $ 610,446.14 |
| LESS value of debtor's interest | $ 156,000.00 |
| EQUALS extent of impairment | $ 454,446.14 |

---

[4] Doc. #45.

[5] Doc. #57.

[6] In schedule A/B the debtor states the total value of the home of $300,000. He states his interest is $150,000. Answering the question, "Who has an interest in the property", the debtor checked the box "At least one of the debtors and another". For Schedule C exemptions, he lists the value of the portion of the property he owns at $150,000. He exempted $120,000 under Neb. Rev. Stat. § 40-101 *et seq. See* Doc. #1.

[7] Doc. #40, Deposition of Michael Watson (7:5-8:8).

Under this calculation, the extent of impairment, $454,446.14, is greater than the total of both judgment liens, $355,225.63. Both judgment liens are fully avoided.

In his motion to alter or amend, Hospodka asserts error "in concluding the lien did not attach to the entirety of the property". For "value of the debtor's interest", he contends the total value of the home, $312,000, should be used in the formula. Using this number reduces the extent of impairment to $298,446.14, leaving $56,779.49 in equity to which Hospodka's judgment lien can attach.

## Conclusions of Law

A 50% interest is the correct number for the impairment calculation. The debtor represented, in multiple bankruptcy filings, some under oath, he owned only 50% of the property. No contrary evidence was offered. As to the wife's interest, the evidence and Nebraska law are clear. The debtor's non-filing spouse has a marital interest in the home. Although she is not on the title, under Nebraska law when equity is created in an asset during the marriage using marital funds, the equity and the appreciation in the equity, constitutes marital property. *See Stava v. Stava*, 13 N.W.3d 184, 195 (Neb. 2024). The house is encumbered by a lien for an FHA loan taken out in 2015. Over ten years the loan was paid down, creating equity in both the debtor and his wife. It does not matter whether the debtor solely generated the income to pay the debt because income produced during the marriage is also marital. *See Stephens v. Stephens*, 899 N.W.2d 582, 592 (Neb. 2017).

What is less clear is the precise extent of the debtor's wife's interest. According to the Nebraska Supreme Court, "Any given property can constitute a mixture of marital and nonmarital interests; a portion of an asset can be marital property while another portion can be separate property." *Stava*, 13 N.W.3d at 193. The debtor asserted he owns only 50% of the home and his wife the other half. But because Nebraska divides marital property equitably, theoretically the debtor could own more than half but less than all.[8] In this case, the value of the home when it was purchased in 2013

---

[8] Hospodka does not benefit unless the debtor's wife owns less than 18.2% of the home. Assuming the debtor owns 100% of the home, using the full value of $312,000 in the impairment calculation, the extent of impairment is $298,446.14 against judicial liens of $355,225.63. The revised extent of impairment minus the judicial liens equals $56,779.49, which divided by the home value of $312,000 equals 18.2%.

and 2015 are not known. The debtor could have some non-marital equity and appreciation in equity during those two years.

Hospodka seeks an order finding the debtor owns more than 50% of the home, preferably 100%. The corollary is a finding the wife owns less than 50%, down to 0%. Such a finding, and its corollary, effectively strip the debtor's wife of her property interest in the home without affording her a scintilla of process. The wife is not a party to the motion to avoid lien. She was not served with the motion or Hospodka's resistance. She had no opportunity to defend her marital interest. Moreover, under Nebraska law, any interest in real estate, either legal or equitable can support a homestead.[9] *Chambers v. Bringenberg*, 963 N.W.2d 37, 54-55 (Neb. 2021). Because the debtor's wife has a marital interest in the home, her interest supports her homestead. Stripping her equity also strips her homestead.[10]

It is not certain a bankruptcy court has the power to decree a non-debtor's spouse's marital interest in real estate in Nebraska. As a non-debtor, her property is not property of the bankruptcy estate. Generally, property of the debtor's bankruptcy estate includes "all legal or equitable interests of *the debtor* in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (emphasis added). Property of a non-filing spouse is property of the estate if it is *community property*. *See id.* § 541(a)(2). Nebraska is not a community property state. Nebraska distributes marital property equitably. *See Heald v. Heald*, 611 N.W.2d 598, 606 (Neb. 2000) ("Generally, the division of property in a dissolution case is based on equitable principles, and its purpose is to

---

So, for each 1% of additional equity owned by the debtor over 81.8%, $3,120 of liens do not impair the debtor's homestead exemption.

[9] A spouse's separate homestead is a result of 2024 amendments to the homestead exemption. *See* 2024 Neb. Laws LB1195.

[10] Hospodka's lien does not attach to the wife's property. *See Parker v. Parker*, 681 N.W.2d 735, 744 (Neb. 2004) ("[A] lien of judgment does not attach to the mere legal title where the equitable and beneficial interest is in another."); *Scoular Grain Co. v. Pioneer Valley Sav. Bank*, 447 N.W.2d 38, 40 (Neb. 1989) ("[A] judgment lien on real estate in the name of the judgment debtor is a lien only on the actual interest of the judgment debtor and is subject to all existing equities whether of record or not."). His lien also should not impair her separate homestead. Hospodka contends the wife's homestead was abandoned. Even if a bankruptcy court had the power to so find, it cannot do so without affording her the process she is due.

divide the marital assets equitably."). As her property is not property of the estate, it is not clear how her property interest can be stripped away.[11]

Although the court declines to travel Hospodka's road, it makes none of the difference. The order avoiding lien neither depends upon nor forecloses the possibility the debtor owns more than 50% of the home. The debtor presented himself as an owner of a 50% interest. The debtor has a duty to accurately schedule his assets and liabilities. *See* 11 U.S.C. § 521(a).[12] He sought to avoid a lien on his 50% interest and the lien was avoided on this interest only. If the debtor owns more than 50% of the house, the unscheduled interest remains property of the estate.

> Property that a debtor properly scheduled under § 521(a)(1) but was not administered by the time the case is closed, is deemed abandoned to the debtor. 11 U.S.C. § 554(c). Property of the estate that is not abandoned and that is not administered in the case remains property of the estate. 11 U.S.C. § 554(d). Stated differently:
>
> [U]nless the court orders otherwise, the language of subsection (c) deems abandoned to the debtor any scheduled property of the estate that is unadministered at the close of the case. Normally, if property has been scheduled accurately, it is the trustee's duty to investigate whether the property has value to the estate and decide before the case is closed whether to administer property.
>
> Conversely, because "[a]bandonment presupposes knowledge," if property was not properly scheduled by the debtor, it would not automatically be deemed abandoned at the end of the case.

---

[11] If Hospodka's invitation to effectively reduce the wife's marital interest was accepted, burden of proof questions also arise. According to the Nebraska Supreme Court, the burden of proof rests with the party claiming the property is nonmarital. *Stava*, 13 N.W.3d 184 at 193. Hospodka is the party claiming the property is nonmarital. But it is not clear whether this burden would apply outside of a dissolution of marriage action.

[12] The consequences for breaching this duty can be significant. If the debtor "knowingly and fraudulently, in or in connection with the case made a false oath or account" including regarding his assets or liabilities, he is denied a discharge. 11 U.S.C. § 727(a)(4). If a discharge was entered, upon sufficient grounds and a timely motion, the discharge may be revoked. *Id*. § 727(e).

*In re Beavers*, 643 B.R. 410, 415 (Bankr. D.S.C. 2022) (citations omitted). Hospodka's lien also remains against any undisclosed interest of the debtor to the extent such interest exists.

For his part, the debtor asserts the lien was avoided against the entirety of the property even if he owns 100%. Pure cakeism. To travel the debtor's road leads to potential fraud. An unscrupulous debtor could seek relief from a judgment lien in bankruptcy, asserting he or she owned 50% of a marital home. After avoiding the lien on the other, undisclosed, 50% interest, our hypothetical debtor could walk across the street for a hearing with our colleagues in state court, pound the table in a marital dissolution action, and assert a 100% ownership. If successful[13], the hypothetical debtor, who should only be entitled to avoid part of the lien, fully avoids the lien, to the detriment of creditors, and is awarded the entire home to the detriment of his or her spouse.[14]

The debtor scheduled a one-half interest in the real estate. His entire bankruptcy is predicated on his representation. The motion to avoid lien proceeded on the same basis and representation. The debtor is held to it.

## Conclusion

The order avoiding Hospodka's lien went only as far as the debtor represented in his schedules and requested in his motion. Hospodka's lien was avoided on the debtor's 50% interest in the property. No finding regarding the other 50% interest was made or intended. To the extent the order avoiding lien could be construed as avoiding the lien on any interest the debtor had in the other 50%, it is altered and amended.

Dated: December 18, 2025

BY THE COURT:

/s/ Brian S. Kruse
Brian S. Kruse
Bankruptcy Judge

---

[13] Success in this hypothetical scheme is not established solely by the debtor being awarded the entire home in the divorce. A state court could award the home to the debtor but equalize the non-debtor's equity interest with other marital property.

[14] Violating the maxim, "you can't have anything both ways at once." George Bernard Shaw, *Fanny's First Play* (1911).

Case 25-80538-BSK    Doc 132    Filed 12/18/25    Entered 12/18/25 14:56:26    Desc Main
Document      Page 7 of 7