IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Case No. BK25-80538 |
| | ) | |
| MICHAEL WATSON | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

## Order

This matter is before the court on the motion to reopen the debtor's case and for a temporary restraining order. Patrick Turner appeared for the debtor Michael Watson. Scott Jochim appeared for David Hospodka. The motion is granted in part. The debtor's case is reopened. The state court is free to entertain or deny Hospodka's motion to intervene to seek redetermination of the debtor's interest in the house.

If the state court finds the debtor owns 50% or less of the house, Hospodka's lien was fully avoided, and the remaining relief in the complaint in intervention is stayed by the discharge injunction of 11 U.S.C. § 524.

Alternatively, if the state court finds the debtor owns more than 50% of the house, any part of Hospodka's complaint in intervention against the first 50% is stayed by discharge injunction of 11 U.S.C. § 524. Any interest of the debtor in the house greater than the first 50% is property of the debtor's bankruptcy estate. It must be administered by the Chapter 7 trustee. And the remaining relief in the complaint in intervention against that interest is stayed by the automatic stay of 11 U.S.C. § 362.

## Findings of Fact

The debtor purchased a house in November 2013. The debtor married in April 2014. His wife was not added to the title. In May 2024, the debtor's wife filed for divorce. While the divorce was pending, the debtor filed his Chapter 7 bankruptcy case. The debtor scheduled a 50% interest in the house.

David Hospodka obtained a judgment against the debtor in April 2024. The judgment became a lien against the debtor's interest in the house, but not against the wife's interest. The debtor avoided Hospodka's lien against his 50% interest.

Hospodka filed a motion to alter or amend, which was granted in part. In his motion Hospodka asserted the debtor owned more than 50% of the house. The court clarified its order:

> The order avoiding Hospodka's lien went only as far as the debtor represented in his schedules and requested in his motion. Hospodka's lien was avoided on the debtor's 50% interest in the property. No finding regarding the other 50% interest was made or intended. To the extent the order avoiding lien could be construed as avoiding the lien on any interest the debtor had in the other 50%, it is altered and amended.

The debtor's bankruptcy case was closed on January 19, 2026. On March 30, 2026, the state court entered a divorce decree. Under the decree, the house was to be sold. The proceeds of the sale were to be paid first to the mortgage, closing costs, and realtor fees, then to the parties' tax debts, then to legal fees. The legal fees included fees the debtor owed in connection with his bankruptcy. Any excess proceeds were to be divided equally between the debtor and his now former wife.

On April 1, 2026, Hospodka filed a complaint in intervention in the state court seeking to enforce his judgment lien as against 50% of the home. Quoting his complaint, Hospodka alleges:

- On December 18, 2025, the bankruptcy court (J. Kruse) determined that Hospodka's Judgment Lien remains as to the 50% of the Pinewood Circle Property. That is a final ruling which Watson did not appeal.

- The [divorce] Decree (as worded) is inconsistent with the bankruptcy court's determination because it purports to give Watson more than 50% of the net equity in the Pinewood Circle Property; the Decree permits Watson to pay his attorney fees (both from the bankruptcy proceeding and this divorce case) off the top – prior to Watson and Higgs dividing the remaining balance. This result would negatively impact Hospodka's Judgment Lien in the remaining 50% of the Pinewood Circle Property and is contrary to the bankruptcy court's determination.

- The Decree (as worded) permits the remaining 50% of the net sale proceeds from the Pinewood Circle Property to go to Higgs who has

not established a marital interest in those proceeds superior to Hospodka's Judgment Lien on that half of the property.

- Hospodka's Judgment Lien is both prior to and superior to any marital interest claimed by Higgs in the Pinewood Circle Property.

The debtor filed a motion to reopen his bankruptcy case and to enjoin the state court from acting on Hospodka's complaint in intervention.

## Conclusions of Law

Hospodka's construction of this court's orders in his complaint in intervention is not accurate.[1] This court did not find Hospodka's lien attached to the entire house. It did not find the lien remains on 50% of the house. The court found the lien attached only to the *debtor's interest* in the house. It also specifically found the lien did not attach to the wife's interest. The court was clear, as is Nebraska law. Hospodka's lien can only attach to the debtor's interest in property. Under Nebraska statute:

> The lands and tenements *of the debtor* within the county where the judgment is entered shall be bound for the satisfaction thereof only from the day on which such judgments are rendered. All other lands, as well as goods and chattels *of the debtor*, shall be bound from the time they shall be seized in execution.

Neb. Rev. Stat. § 25-1504 (emphasis added).

The interest of the wife is not the interest of the debtor. Her interest is marital in nature. Under Nebraska law when equity is created in an asset during the marriage using marital funds, the equity and the appreciation in the equity constitute marital property. *See Stava v. Stava*, 13 N.W.3d 184, 195 (Neb. 2024). The wife obtained her marital interest in the home in 2014. Her equity grew as the mortgage was paid with marital funds.

This court reasoned Hospodka's lien cannot attach to the wife's interest or her equity even if she is not on the title. *See Parker v. Parker*, 681 N.W.2d 735, 744 (Neb. 2004) ("[A] lien of judgment does not attach to the mere legal title where the equitable and beneficial interest is in another."); *Scoular*

---

[1] The court does not attach any bad faith to the allegations, which are primarily legal conclusions. Mr. Hospodka's counsel attached full copies of this court's orders to the complaint.

*Grain Co. v. Pioneer Valley Sav. Bank*, 447 N.W.2d 38, 40 (Neb. 1989) ("[A] judgment lien on real estate in the name of the judgment debtor is a lien only on the actual interest of the judgment debtor and is subject to all existing equities whether of record or not."). This court reasoned the issue is not a priority dispute between Hospodka and the wife. Under this reasoning, the wife does not have to establish her marital interest is superior to Hospodka. Hospodka must establish the debtor's interest is more than 50%.

Hospodka previously asked this court to find the debtor owned 100% of the house, arguing the debtor's wife was not on the title. This court declined. Nebraska divides marital property equitably. The debtor's wife has an equitable interest in the home, which interest was created in 2014, ten years before Hospodka's judgment. The divorce does not create the wife's interest. The marriage creates it. And because the debtor's wife was not a party to the bankruptcy, this court had no jurisdiction over her property. It also had no jurisdiction to reduce her interest in the house. *See* 11 U.S.C. § 541. If this court found the debtor owned 60% of the house, it effectively stripped the wife of 10% without jurisdiction over her and without providing her due process. This court left the division of the marital estate where it belongs – in the capable hands of the state court.

Hospodka now seeks additional relief in state court. Hospodka has at least two arguments. First, Hospodka could argue his lien attaches to the debtor's interest in the entirety of the property because the wife is not on the title. This court reasoned otherwise applying *Stava*, *Parker*, and *Scoular Grain*. But this reasoning is not preclusive on the state court because the court lacked jurisdiction over the wife and her property. The state court could disagree. In such a case the lien is still against *the debtor's* interest. It is not against the wife's interest – effectively the state court would find the wife had no interest.

Second, because Nebraska divides marital property equitably, it was possible, but not certain, the debtor owned some percentage other than 50%. This court specifically noted in the bankruptcy case what was not clear was the "precise extent of the debtor's wife's interest" under state law, specifically under *Stava*, 13 N.W.3d at 195. For example, if the debtor had premarital equity, the state court could find the premarital equity and the appreciation in the premarital equity is not a marital asset. This would reduce the wife's interest to something less than 50%. But under *Stava* the marital income and wages of the debtor which increased the wife's equity are not subject to Hospodka's lien under § 25-1504.

This court takes no position on how or whether realtor fees and commissions and attorney's fees impact the equitable home ownership or how they fall into the overall division of marital property.[2] The divorce decree as written is not necessarily inconsistent with this court's order. The state court was not only equitably dividing the house, but it was also equitably dividing and equalizing the entire marital estate.

As a result of the foregoing, if Hospodka's lien remains, it remains only against any interest *of the debtor* in the house. Because the lien was avoided on the first 50%, Hospodka's lien can only remain if the debtor's interest is greater than 50%. But any excess interest of the debtor, if it exists, is still property of the debtor's bankruptcy estate.

The resolution of the motion to stay and the complaint in intervention is straightforward. The state court is free to grant or deny Hospodka's complaint to intervene. If Hospodka is allowed to intervene, the state court determines the interest of the debtor and his wife in the house, including how it fits into the division of the marital estate.

The *only* way for Hospodka to have any lien on the house is if he establishes the debtor owns more than 50% of the house. In such case, the excess over 50% is necessarily property of the debtor's bankruptcy estate. Therefore, as to the complaint in intervention, if the state court finds the debtor owns 50% or less of the house, Hospodka's lien was fully avoided, and the remaining relief in the complaint in intervention is stayed by the discharge injunction of 11 U.S.C. § 524. Hospodka's lien did not and does not attach to the wife's interest under Neb. Rev. Stat. § 25-1504. The matter is over.

If the state court finds the debtor's interest is more than 50%, the complaint in intervention is barred as to the first 50% under 11 U.S.C. § 524. It is stayed as to any amount over 50% by the automatic stay of 11 U.S.C. § 362. Any interest of the debtor over 50% was not scheduled in his bankruptcy case and remains property of the bankruptcy estate. It must be scheduled and administered by the trustee. *See In re Beavers*, 643 B.R. 410, 415 (Bankr. D.S.C. 2022). Even then, the determination may provide grounds for the

---

[2] As the court noted in its original opinion, the key issue is the parties' respective interests in the house. Even if the state court awarded 100% of the house to the debtor after the bankruptcy, it does not mean Hospodka's lien attached to 100% of the house at the time the debtor filed his bankruptcy case. If the state court awarded the wife other marital property as equalization, the debtor may have owned only a 50% interest for purposes of lien avoidance in bankruptcy.

debtor to amend not only his assets, but also his exemptions and to seek further lien avoidance.[3]

Under the circumstances, until the court rules upon the debtor and his wife's respective interests in the house, it is appropriate for the state court to determine whether to stay the sale or whether to allow the sale to close and whether and how to escrow 50% of the sale proceeds.[4]

## Conclusion

The motion to reopen is granted. The complaint in intervention is stayed in part.[5] The state court may:

1. Determine whether to allow Hospodka to intervene in the divorce action.

2. Determine for itself the state law legal issue of whether Hospodka's lien attached to the entirety of the house, for example, because the wife was not on the title.

3. Redetermine the respective equitable interests of the debtor and the debtor's wife in the house and re-divide the marital estate based on the redetermination.

---

[3] As this court noted in its earlier order, based on the other liens and the debtor's equity and homestead exemption, Hospodka does not benefit unless the debtor's wife owns less than 18.2% of the home.

[4] Under the circumstances, assuming the sale is an arms-length transaction for reasonable value, this court would allow the sale to proceed. It would allow payment of the real estate taxes and the mortgage, which are superior to the interests of Hospodka, the debtor and the debtor's wife. It would allow reasonable closing costs of the escrow agent, title company, and real estate broker. The parties could then fight over the remaining half of the proceeds. Half because Hospodka's lien was already avoided as to the debtor's scheduled half. If the state court agrees, relief from stay is authorized for the state court to enter such an order.

[5] This order is based upon the automatic stay of 11 U.S.C. § 362, which prohibits actions against property of the debtor's estate, and the discharge injunction of 11 U.S.C. § 524. It is not a temporary restraining order or preliminary injunction under 11 U.S.C. § 105 or Fed. R. Civ. P. 65.

4. Authorize the liquidation of the house and escrowing of 50% of the net proceeds (however the state court defines net) on terms it finds fair and reasonable.

All other relief Hospodka requests in his complaint in intervention is stayed under 11 U.S.C. §§ 362 and 524.

To the extent necessary, relief from stay is granted for the foregoing, with waiver of the stay under Fed. R. Bankr. P. 4001(a)(4). The closing agent and title companies are granted relief from stay to close the transaction as authorized by the Douglas County District Court. The Douglas County District Court Clerk and any other suitable escrow agent are authorized to deposit and hold proceeds of the sale pending the state court's determination of the debtor's interest in the house.

If the debtor owns 50% or less of the house, the state court may distribute the funds as stated in the divorce decree. If the debtor owns more than 50% of the house, the parties should seek further relief in and instructions from this court.

Dated: April 8, 2026

BY THE COURT:

/s/ Brian S. Kruse
Brian S. Kruse
Chief Bankruptcy Judge